THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THEODORE BACINO, Defendant-Appellant.

Second District (1st Division)    No. 75-358

Opinion filed September 10, 1976.

Ralph Ruebner and Peter B. Nolte, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (G. Michael Prall and Phyllis J. Perko, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

The defendant was tried by jury, convicted of murder and sentenced to 75 to 100 years' imprisonment. Prior to the trial a hearing was held on the voluntariness of certain statements given by the defendant to the authorities on April 10, 1974. The trial court ruled that said statements were voluntary, but, with the consent of the People, ordered that their use be restricted to rebuttal. Defendant never took the stand at the trial and the statements were therefore never introduced into evidence. On appeal defendant's sole contention is that the trial court unconstitutionally impaired his right to testify in his own behalf by ruling that the prosecution could use his April 10, 1974, statements for impeachment purposes, while ruling coerced him not to take the stand. We do not agree and affirm.

■■ The defendant contends that the statements he gave to the authorities on April 10, 1974, were taken in violation of his Sixth Amendment right to counsel, citing *Massiah v. United States* (1964), 377 U.S. 201, 12 L. Ed. 2d 246, 84 S. Ct. 1199, and *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. Assuming *arguendo* that defendant correctly asserts that his statements were taken in violation of his Sixth Amendment right to counsel because a knowledgeable and informed waiver of the right to counsel was not obtained, defendant fails to establish that his statements could not be used (as was ordered by the trial court in this case) for impeachment purposes. In *Oregon v. Hass* (1975), 420 U.S. 714, 43 L. Ed. 2d 570, 95 S. Ct. 1215, the United States Supreme Court determined that defendant's statements could be used for impeachment purposes although held inadmissible for use in the prosecution's case in chief because a valid waiver of Sixth Amendment

rights pursuant to *Miranda v. Arizona* was not obtained. The court in *Oregon v. Hass* commented that such impeachment use of the evidence was permissible provided that "the trustworthiness of the evidence satisfies legal standards", quoting from *Harris v. New York* (1971), 401 U.S. 222, 28 L. Ed. 2d 1, 91 S. Ct. 643.

The defendant argues that his statements of April 10, 1974, were not sufficiently trustworthy to use for impeachment purposes. On April 10, 1974, defendant was in Rockford Memorial Hospital recovering from two operations which had occurred the previous month. He testified that on April 10 he recalled being told of his rights but did not recall other specific events of the questioning and was just beginning to realize things around him. His wife testified that defendant was confused on April 10, 1974. While she indicated that he was at times rational, she also stated that sometimes nothing which he said could be put together. In contrast to the testimony of defendant and his wife, Detective Flanagin, one of the officers who questioned the defendant, testified that defendant had indicated to him prior to the questioning that the last medication which he had received was a sleeping pill received on the previous day. He indicated that defendant was very coherent and appeared to know what he was doing and stated that he and his companion officer asked defendant to count to five and back again and that defendant completed this exercise. His companion officer, Detective Rhynes, stated that in his opinion defendant was not under the influence of drugs or medication at the time of the questioning and that he acted as though he understood what was being asked him.

■■ The question of the voluntariness of defendant's statements of April 10, 1974, was submitted to the trial court prior to trial. The issue of the trustworthiness of defendant's statements was necessarily a matter considered by the trial court at the hearing to determine the admissibility of defendant's statements. The trial court was confronted with the argument that defendant's statements were involuntary and, following an evidentiary hearing, found the statements voluntary and admissible for purposes of impeachment and rebuttal. Trial court determinations made on the basis of conflicting evidence should not be reversed unless it is found that such statements are against the manifest weight of the evidence or a clear abuse of discretion. (*People v. Nemke* (1970), 46 Ill. 2d 49, 56, 263 N.E.2d 97, *cert. denied*, 402 U.S. 924, 28 L. Ed. 2d 663, 91 S. Ct. 1387 (1971).) The testimony of Detectives Flanagin and Rhynes supports the trial court determination of the admissibility of defendant's statements. We therefore conclude that the trial court determination was not against the manifest weight of the evidence or a clear abuse of discretion.

■■ The defendant finally contends that the trial court's ruling that the

prosecution could use his April 10, 1974, statement for impeachment unconstitutionally coerced him into not taking the stand in his own behalf. In *Oregon v. Hass* (1975), 420 U.S. 714, 43 L. Ed. 2d 570, 95 S. Ct. 1215, the United States Supreme Court approved the use of statements similar to that in the instant case for impeachment purposes, implicitly rejecting the argument that such use unconstitutionally impaired defendant's right to testify in his own behalf. We therefore see no merit in this contention.

Perceiving no error, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.